IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SHAWN LEE ALLRED,<br><br>    Plaintiff,<br><br>v.<br><br>JANET BARTON et al.,<br><br>    Defendants. | Case No. 2:06-CV-567 TS<br><br>MEMORANDUM DECISION AND SCREENING ORDER DISMISSING COMPLAINT |

Plaintiff, Shawn Lee Allred, an inmate at the Victorville Federal Correctional Institution in Adelanto, California, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (2006). Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 *id.* 1915. This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Screening Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When

reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." <u>Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)</u>.

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. <u>Id.</u> However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." <u>Id.</u> While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." <u>Id.</u>

## II. Plaintiff's Allegations

Plaintiff's Complaint challenges the constitutionality of Utah's DNA collection statute, see Utah Code Ann. § 53-10-404 (West 2007), which requires the Utah Department of Corrections (UDOC) to collect and catalogue DNA specimens from all convicts who are on probation, parole or incarcerated for various crimes, including any felony under the Utah Code. The statute also provides that persons from whom DNA samples are collected must reimburse UDOC seventy-five dollars for the cost of obtaining the DNA specimen, unless the department determines the person is unable to pay. Finally, the statute allows UDOC to assess the

collection fee against an inmate's county trust fund account without the inmate's authorization.

The circumstances giving rise to Plaintiff's suit are not clearly stated in his Complaint. It appears, however, that Plaintiff was taken into custody by Defendant Allinson, an Adult Probation and Parole (AP&P) officer, presumably on a parole violation. While in custody Plaintiff was apparently forced to provide a DNA specimen in accordance with the challenged statute. UDOC officials then assessed the fee for obtaining and processing the specimen against Plaintiff's inmate trust account without his authorization.

In addition to Allinson, Plaintiff's Complaint also names as defendants Janet Barton and Robb Strong, both UDOC inmate accounting department officials. Plaintiff's Complaint seeks a declaratory judgment that Utah's DNA collection statue is unconstitutional, reimbursement of all fees collected from Plaintiff, and damages.

### III. Sufficiency of Plaintiff's Complaint

Plaintiff's Complaint lists three separate causes of action. Count One is for "Unconstitutional Action," Count Two asserts "Deliberate Indifference" and "Defermation [sic]," and Count Three alleges "Unconstitutional Law" and "Defermation [sic]." Although very little explanation is provided regarding the basis for these claims, the essence of each appears to be Plaintiff's

3

belief that Utah's DNA collection statute is unconstitutional both on its face and as applied to Plaintiff. Plaintiff also appears to assert that the involuntary fee assessment provision is unconstitutional, presumably on due process grounds. Plaintiff does not refer to any specific constitutional provisions or case law as the basis for his claims.

### A. Facial Challenge

The Court first addresses Plaintiff's facial challenge to the constitutionality of Utah's DNA collection statute. Plaintiff's Complaint offers no legal basis whatsoever for the assertion that the challenged statute is unconstitutional on its face. In fact, Plaintiff's conclusory assertion of unconstitutionality flies in the face of an overwhelming amount of case law to the contrary. At least 24 states have passed laws requiring the collection of DNA samples from all felons. *See* Ala. Code § 36-18-24; Ariz. Rev. Stat. Ann. § 13-610; Colo. Rev. Stat. § 17-2-201(5)(g)(I); Del. Code Ann. tit. 29, § 4713(b); Fla. Stat. Ann. § 943.325; Ga. Code Ann. § 24-4-60; 730 Ill. Ann. Stat. 5/5-4-3; Iowa Code Ann. § 902.13; Kan. Stat. Ann. § 21-2511; Me. Rev. Stat. Ann. tit. 25, § 1574; Md. Code Ann., art. 88B § 12A; Mich. Comp. Laws Ann. § 28.176; Minn. Stat. Ann. § 609.119; Mont. Code Ann. § 44-6-102; N.M. Stat. Ann. § 29-16-3; Or. Rev. Stat. §§ 137.076 and 181.085; Tenn. Code Ann. §§ 40-35-321(d)(1) and (2); Tex. Code Ann. § 411.148; Utah Code Ann. 53-

10-403; Va. Code Ann. § 19.2-310.2; Wash. Rev. Code § 43.43.754; Wis. Stat. Ann. § 165.76; Wy. Stat. § 7-19-403. The Court is unaware of any of these statutes being declared unconstitutional by any federal court or state appellate court. In fact, numerous federal and state court decisions have upheld the constitutionality under the Fourth Amendment of these "all felon" state DNA statutes. *See Green v. Berge*, 354 F.3d 675 (7th Cir. 2004) (Wisconsin statute); *Velasquez v. Woods*, 329 F.3d 420 (5th Cir. 2003) (per curiam) (Texas statute); *Jones v. Murray*, 962 F.2d 302 (4th Cir. 1992) (Virginia statute); *Sterson v. Doe*, 2004 WL 1630500 (N.D. Ill. Jun. 2, 2004) (Illinois statute); *State v. Surge*, 122 Wash. App. 448, 94 P.3d 345 (2004); *People v. Garvin*, 349 Ill. App.3d 845, 285 Ill. Dec. 953, 812 N.E.2d 773 (2004); *State v. Maass*, 275 Kan. 328, 64 P.3d 382 (2003); *D.B. v. State*, 861 So.2d 4 (Ala. Crim. App. 2003); *Doles v. State*, 994 P.2d 315 (Wy. 1999). Plaintiff has not offered any meaningful legal or factual basis upon which to distinguish these statutes and cases from the present suit. Nor does Plaintiff offer any reason to believe that a different result might obtain with regard to Utah's DNA collection statute.

Thus, the Court concludes that Plaintiff's conclusory allegations are not sufficient to mount a viable facial challenge to Utah's DNA collection statute, given the overwhelming weight of legal authority to the contrary.

### B. "As Applied" Challenge

The Court now turns to Plaintiff's assertion that Utah's DNA collection statute is unconstitutional as applied to him because he has not been convicted of a sex offense. This line of reasoning seems to be the basis for Plaintiff's repeated references to "defermation [sic] of character." Utah's DNA collection statute clearly applies not only to sex offenders but to all persons who are "on probation, parole, or incarcerated for any offense . . . on or after July 1, 2002 . . . [including] any felony under the Utah Code . . . ." See Utah Code Ann. § 53-10-403(2)(a) (West 2007). Plaintiff does not deny that he falls within this category of offenders, nor does he offer any other explanation for his assertion that the statute was wrongly applied to him. Although the Complaint implies that requiring Plaintiff to provide a DNA sample is tantamount to labeling him a sex offender, this argument clearly has no basis in law or fact. Moreover, even if that were true, defamation is not a constitutional cause of action. See Renaud v. Wyoming Dep't of Family Servs., 203 F.3d 723, 726-27 (10th Cir. 2000)("defamation, standing alone, [is] not sufficient to establish a claim for deprivation of a liberty interest").

Thus, the Court concludes that Plaintiff's allegations are insufficient to support an "as applied" challenge to Utah's DNA collection statute.

## C. Fee Collection

Finally, the Court addresses Plaintiff's challenge to the provisions allowing the cost of the DNA collection to be involuntarily assessed against Plaintiff's inmate trust account. Plaintiff clearly has a recognized property interest in the money in his inmate account. *Elliott v. Simmons*, 100 Fed. Appx. 777, 779 (10th Cir. June 7, 2004). However, Plaintiff does not set forth specific federal, state or constitutional procedural safeguards that Defendants allegedly violated in this instance. See *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 519-20 (10th Cir. 1998) (procedural due process claim must set forth procedures due under law). The challenged statute requires agencies responsible for collecting DNA samples to formulate guidelines and procedures for determining whether an offender has the ability to pay. Alternatively, however, the statute provides that agencies may simply assess the fee against an "inmate's county trust fund account and may allow a negative balance in the account until the $75 is paid in full." Utah Code Ann. § 53-10-404(2)(b)(ii) (West 2007). This provision represents a legislative determination that the presence of funds in an inmate's county trust account, regardless of when the funds become available, constitutes an ability to pay. Plaintiff has not alleged how this determination violates specific federal, state or constitutional procedural safeguards.

7

To the extent Plaintiff attempts to challenge the fact that UDOC does not grant a pre-deprivation hearing, he does not state a claim. In determining what process is due, courts must balance (1) the private interests that will be affected by the official action, (2) the risk of erroneous deprivation, and (3) the government's interest, including the fiscal and administrative costs of additional process. *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893 (1976). As to the first factor, the private interest that is affected is Plaintiff's interest in avoiding an erroneous assessment of the DNA collection fee from his inmate trust account. Such an interest is not compelling because Plaintiff has an opportunity to contest an erroneous assessment through the prison grievance process and UDOC provides free items and services to indigent inmates (such as basic hygiene supplies, medical care, writing supplies and postage). *See Mackey v. Montrym*, 443 U.S. 1, 2, 99 S. Ct. 2612 (1979) (interest in continued possession and use of driver's license, pending outcome of hearing, not compelling in light of further post-suspension hearing and limit of 90-day suspension).

As to the risk of erroneous deprivation, the collection of the DNA fee involves routine matters of accounting with a low risk of error. *See Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (collection of fees from inmates for cost of housing). Because Plaintiff has not alleged that he was

8

denied notice of the assessed fee, and because collection of the fee involves only routine matters of accounting, the risk of erroneous deprivation is minimal.

Finally, regarding the third factor, the Court must consider both the government interest in the policy that the state action advances and the government interest in minimizing administrative and fiscal burdens. *Mathews*, 424 U.S. at 335. Here, the collection of the DNA specimen and assessment of the fee advances the policies of offender accountability and rehabilitation, and reimburses the State of Utah for services provided. To require a pre-deprivation hearing before the collection of outstanding fees (of which the offender has prior notice) would substantially increase the burdens of enforcement. *See Tillman*, 221 F.3d at 422 (no pre-deprivation proceeding required for deduction of room and board fees from inmate account; proceeding would be impractical, significantly increase transaction costs and hinder correctional facility's ability to reduce costs of incarceration).

Plaintiff has not alleged that the prison grievance program is inadequate to address erroneous assessments to his inmate account. *See Elliott*, 100 Fed. Appx. at 779 (prison grievance procedures sufficient to satisfy procedural due process for erroneous assessments on inmate account); *Tillman*, 221 F.3d at 422 (same); *see also Smith v. Colo. Dep't of Corrs.*, 23 F.3d 339

(10th Cir. 1994) (due process satisfied when adequate post-deprivation remedy exists); *Winters v. Bd. of County Comm'rs*, 4 F.3d 848, 856 (10th Cir. 1993) (deprivation of procedural due process not complete unless and until state fails to provide adequate constitutionally essential procedures), *cert. denied*, 511 U.S. 1031 (1994); *Woodley v. Dep't of Corrs.*, 74 F.Supp.2d 623, 627 (E.D. Va.1999) (rejecting due process challenge based on payment of supervision costs).

Therefore, the Court dismisses Plaintiff's due process claim for failure to state a claim on which relief can be granted.

### ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim on which relief can be granted. Plaintiff's motion to consolidate this suit with case no. 1:06CV28TS is **DENIED** as moot.

DATED this 30th day of May, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge